Michael E. Piston
Attorney At Law
38-08 Union St., Suite 9A
Flushing, NY 11354
Tel (646) 876-3772
Michaelpiston4@gmail.com

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHENG, Jian Yi<br>CHEN, Xing<br><br>Room 19D,Block 4, KangJia<br>Yuan,NanShan District,<br>ShenZhen, GuangDong Province, China<br><br>HOURASA SEIRAFITEHRANIAN,<br>PARMIDA SAGHAFI,<br>AMIR SAGHAFI<br><br>716 Parkside Road.<br>West Vancouver, BC V7S 1P3 Canada<br><br>EISA  RIGI,<br>MASTER THATTHEB RIGI,<br>EMRAN RIGI,<br>LA OR PUTMATA<br><br>Unit 2, No: 29, Emamat 6th st.,<br>Mashhad city, Khorasani Province, Iran<br><br>       Plaintiff,<br>Against<br><br>ANTONY BLINKEN, U.S. Secretary of State<br>2201 C Street Northwest,<br>Washington, D.C. 20520<br><br>U.S. DEPARTMENT OF STATE | Case No.:<br><br><br>COMPLAINT |

COMPLAINT - 1

2201 C Street Northwest,
Washington, D.C. 20520

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES
c/o Office of the Chief Counsel
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, MD 20588-0009

LISA K. HELLER, U.S. Consul General
in Guangzhou
c/o The Executive Office,
Office of the Legal Adviser, Suite 5.600,
600 19th Street NW.,
Washington DC 20522

ROBERT P. SANDERS,  Consulate
General of the United States of America
in Montreal, Canada
c/o The Executive Office,
Office of the Legal Adviser, Suite 5.600,
600 19th Street NW.,
Washington DC 20522

JAYNE HOWELL, U.S. Consul in Ankara
c/o The Executive Office,
Office of the Legal Adviser, Suite 5.600,
600 19th Street NW.,
WASHINGTON DC 20522

Defendants

## DESCRIPTION OF ACTION

1.  This is an action in the nature of mandamus and under the Administrative

Procedure Act brought by the plaintiffs    to ask the Court  to compel officers

and/or employees of the United States to perform a duty owed to each of these

plaintiffs to complete the reconsideration of their immigrant visa petitions, to

provide them with an opportunity to apply for immigrant visas, to adjudicate

such applications forthwith, and hold unlawful and set aside the regulation, apparently pursuant to which the consular officer defendants have failed for over five years in their duty to accept for  filing, and to adjudicate, plaintiffs' immigrant visa applications.

## JURISDICTION

2. This being a civil action against the United States arising under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## DESCRIPTION OF PARTIES

3. JIAN YI CHENG is a  citizen, national and resident of the People's Republic of China,  who is the beneficiary of an immigrant visa petition to classify her as a worker pursuant to 8 U.S.C. § 1153(b)(3)(A)(iii)(B).

4. XING CHEN is a citizen, national and resident of the People's Republic of China and the spouse of JIAN YI CHENG. He is a derivative beneficiary of the immigrant visa petition approved upon her behalf.

5. HOURASA SEIRAFITEHRANIAN is a citizen, national and resident of Canada who is the beneficiary of an immigrant visa petition to classify her as a worker pursuant to 8 U.S.C. § 1153(b)(3)(A)(iii)(B).

6. PARMIDA SAGHAFI and AMIR SAGHAFI are  citizens, nationals and residents   of   Canada,   and   the   immediate   relatives   of   HOURASA

SEIRAFITEHRANIAN, who are the derivative beneficiaries of the immigrant visa petition approved upon   HOURASA SEIRAFITEHRANIAN's behalf.

7.  EISA RIGI is a citizen, national and resident of Iran who is the beneficiary of an immigrant visa petition to classify him as a worker pursuant to 8 U.S.C. § 1153(b)(3)(A)(iii)(B).

8.  MASTER THATTHEB RIGI, EMRAN RIGI and LA OR PUTMATA are citizens, nationals and residents of Iran who are the derivative beneficiaries of the immigrant visa petition approved upon EISA RIGA's behalf.

9.  All references hereafter to any of the plaintiffs shall include, where and as appropriate, their above referenced derivative beneficiaries.

10. ANTONY BLINKEN is the U.S. Secretary of State and is sued in his official capacity. He resides for official purposes in the District of Columbia.

11. The DEPARTMENT OF STATE is an agency of the United States. It resides in the District of Columbia.

12. The UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES is an agency of the United States within the Department of Homeland Security. It resides in the District of Columbia and the State of Maryland.

13. LISA K. HELLER, is the U.S. Consul General in Guangzhou , China, and is sued in her official capacity. She resides for official purposes in China. She is an officer or employee of the United States and the Department of State, with a duty to adjudicate the immigrant visa applications of residents of China.

COMPLAINT - 4

14. ROBERT P. SANDERS is the  Consul General of the United States of America in Montreal, Canada, and is sued in his official capacity. He resides for official purposes in Canada. He is an officer or employee of the United States and the Department of State, with a duty to adjudicate the immigrant visa applications of residents of Canada.

15. JAYNE HOWELL is the U.S. Consul in Ankara, Turkey and is sued in her official capacity. She resides for official purposes in Turkey. She is an officer or employee of the United States and the Department of State, with a duty to adjudicate the immigrant visa applications of residents of Turkey, as well as the applications of non-residents of Turkey whom she or her predecessor have accepted jurisdiction over.

## BRIEF STATEMENT OF RELEVANT FACTS

16. On February 18, 2017, an immigrant visa petition to classify JIAN YI CHENG as a worker under 8 U.S.C. § 1153(b)(3)(A)(iii) was approved upon her behalf, with a priority date of May 18, 2016.

17. The Department of State received the notice of approval of this petition no later than March 16, 2017, and assigned it Case No. GUZ2017569017.

18. However, JIAN YI CHENG was never provided an opportunity to file her immigrant visa application with the National Visa Center, which acted in this matter as the agent for LISA K. HELLER or her predecessor in interest.

19. Upon information and belief, on or shortly before November 9, 2017, LISA K. HELLER, or her predecessor in interest as the U.S. Consul General in

Guangzhou. suspended action in this case and returned the said petition, with a report of the facts, for reconsideration by the United States Citizenship and Immigration Services.

20. Upon information and belief, the purported basis for the immediately above described action was that said officer claimed to have reason to believe that approval of the petition was obtained by fraud, misrepresentation, or other unlawful means, or that JIAN YI CHENG was not entitled, for some other reason, to the status approved.

21. Since that time no further action has been taken on JIAN YI CHANG's immigration case.

22. JIAN YI CHENG is unaware of any facts which give her reason to believe that there will be any action upon her case in the future.

23. On April 25, 2017, an immigrant visa petition to classify HOURASA SASEIRAFITEHRANIAN, as a worker under 8 U.S.C. § 1153(b)(3)(A)(iii) was approved upon her behalf, with a priority date of July 18, 2016. Its USCIS file no. is SRC1716950503.

24. The Department of State received the notice of approval of HOURA SASEIRAFITEHRANIA's petition no later than July 27, 2017, and assigned it Case No. MTL2017687015.

25. Upon information and belief, on or shortly before November 29, 2017, ROBERT P. SANDERS, or his predecessor in interest as the U.S. Consul General in Montreal, suspended action in this case and returned the said petition

COMPLAINT - 6

pertaining  to HOURASA SASEIRAFITEHRANIAN with a report of the facts, for reconsideration by the United States Citizenship and Immigration Services.

26. Upon information and belief, the purported basis for the immediately above described action was that said officer claimed to have reason to believe that approval of the petition was obtained by fraud, misrepresentation, or other unlawful means, or that HOURASA SASEIRAFITEHRANIAN was not entitled, for some other reason, to the status approved.

27. Since that time there has been no further action on HOURASA SASEIRAFITEHRANIAN's immigration case.

28. HOURASA SASEIRAFITEHRANIAN is unaware of any facts which give her a any reason to believe that there will be any action upon her case in the future.

29. On March 31, 2017, an immigrant visa petition to classify EISA RIGI as a worker under 8 U.S.C. § 1153(b)(3)(A)(iii) was approved upon his behalf, with a priority date of June 7, 2016. Its USCIS file no. is SRC1712750316.

30. Upon information and belief, on some date between March 31, 2017 and May 10, 2017 JANE HOWELL, or her predecessor in interest as the U.S. Consul in Ankara, accepted jurisdiction over EISA RIGI's case.

31. The Department of State received the notice of approval of EISA RIGI s petition no later than May 10, 2017, and assigned it Case No. ANK2017629005.

32. Upon information and belief, on or shortly before November 9, 2017, JAYNE HOWELL, or her predecessor in interest as the U.S. Consul in Ankara, suspended action in this case and returned the said petition pertaining  to EISA

COMPLAINT - 7

RIGI with a report of the facts, for reconsideration by the United States Citizenship and Immigration Services.

33. Since that time there has been no further action on EISA RIGI's case.

34. EISA RIGI is unaware of any facts which give him reason to believe that there will be any action upon his case in the future.

## JURISDICTION

35. This being an action under the Mandamus Act and Administrative Procedure Act, both laws of the United States, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## CAUSE OF ACTION

## COUNT I

**ACTION UNDER THE MANDAMUS AND ADMINISTRATIVE PROCEDURE ACT TO COMPEL A DECISION ON AN UNREASONABLY DELAYED REQUEST FOR RECONSIDERATION OF THE APPROVAL OF IMMIGRANT VISA PETITIONS**

36. The USCIS admits to having received the above-referenced immigrant visa petitions approved upon behalf of each of the plaintiffs from the Department of State over five years ago.

37. Upon information and belief, these immigrant visa petitions were returned to the USCIS by defendants LISA K. HELLER, ROBERT P. SANDERS and JAYNE HOWELL, (the consular defendants) and/or their predecessors in interest with a report of the facts, for reconsideration by the UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES.

COMPLAINT - 8

38. With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.  5 U.S.C. § 555(b).

39. It is the sense of Congress that the processing of an immigration benefit application should be completed no later than 180 days after the initial filing of the application. 8 U.S.C. § 1571(b).

40. Even a non-binding deadline may still be an "indication of the speed with which" Congress 'expects the agency to proceed.' Hulli, 549 F. Supp. 3d at 101 (quoting In re United Mine Workers, 190 F.3d at 549)." Ramirez v. Blinken, 594 F. Supp. 3d 76, 94 (D.D.C. 2022).

41. The duration of over five years  which it has taken the USCIS to adjudicate the referenced requests for reconsideration  is unreasonable and well beyond the 180 days that it is the sense of Congress that application should be completed in.

42. In determining that the delay has been sufficiently egregious to warrant the remedy of mandamus, courts in this circuit consider the six-factor standard— the so-called "TRAC factors"—established in Telecomms. Research and Action Ctr. (TRAC) v. FCC, 750 F.2d 70, 79-80, 242 U.S. App. D.C. 222 (D.C. Cir. 1984). Those factors are as follows:

> (1)the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5)

> the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC,* 750 F.2d at 79-80 (citations and internal quotation marks omitted)

43. The D.C. Circuit has explained that the first TRAC factor—the time agencies take to make decisions must be governed by a 'rule of reason'—is the 'most important,' although it is generally reviewed with the second TRAC factor as well." Memon v. Blinken, Civil Action No. 22-0754 (CKK), 2023 U.S. Dist. LEXIS 17016 at *4, 2023 WL 1438396  (D.D.C. Feb. 1, 2023), quoting In re Core Commc'ns, Inc., 531 F.3d 849, 855 (D.C. Cir. 2008). "In general, courts in this jurisdiction have regularly found that the Government applies a 'rule of reason' to the review of visa petitions by adjudicating applications in the order they were filed. … Simply put, the inquiry begins and ends with Defendant's consistent application of the 'first-in, first-out' methodology." Memon, 2023 U.S. Dist. LEXIS 17016, at *4-5.

44. The USCIS has failed to consistently apply the first-in, first-out methodology to process the above referenced petitions   in that, upon information and belief, it has finally adjudicated  a large number of immigrant  visa petitions which were filed after these petitions.

45. In fact, the USCIS itself states that 80% of the petitions for workers such as the plaintiffs filed with its Texas Service Center are finally adjudicated within 11.5 months of being filed.

COMPLAINT - 10

46. Therefore the most important factor, the rule of reason, tips sharply in favor of each of the plaintiffs.

47. The remaining factors either also tip sharply in favor of each of the plaintiffs or, at worst, are neutral.

48. Factor (2): Congress has provided an indication of the speed with which it expects the agency to proceed in the enabling statute, to wit, 8 U.S.C. § 1571(b), providing that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application.

49. A "reasonable time for agency action is typically counted in weeks or months, not years." In re Am. Rivers, 372 F.3d at 419 (internal quotation marks omitted); see also Midwest Gas Users Ass'n v. FERC, 833 F.2d 341, 359, 266 U.S. App. D.C. 91 (1987) ("[A] reasonable time for an agency decision could encompass months, occasionally a year or two, but not several years or a decade." (internal quotation marks omitted)). In re Pub. Emples., 446 U.S. App. D.C. 375, 382, 957 F.3d 267, 274 (2020)

50. Inasmuch as over five years have passed since the filing of the referenced immigrant  visa petitions with the Department of State, as well as the USCIS's receipt of the these petitions back from the Department of State with requests for reconsideration, factor (2) tips sharply each plaintiffs' favor.

51. Factor (3): Plaintiff  JIAN YI CHENG's welfare, is very much at stake here in that the delay in the reconsideration of her immigrant visa petition is prejudicing her 9 year old U.S. citizen daughter, Victoria Zhixuan Cheng's, in

that the delay is making it more difficult become assimilated to the culture, norms and language of her home country, in that she cannot relocate to the United States without her mother being issued an immigrant visa to accompany her.

52. Factor (3): Plaintiff EISA RIGI's welfare, is very much at stake here in that the delay in the reconsideration of his immigrant visa petition is prejudicing his 14 and 10 year old children's opportunity to become assimilated to the culture, norms and language of their new home in the United States.

53. Factor (4): there does not appear to be any agency activities of a higher or competing priority which adjudicating each plaintiffs' petition would affect. Therefore, this factor is neutral.

54. Factor (5) tips sharply in favor of JIAN YI CHENG and EISA RIGI in that the interest which is prejudiced by delay is not merely economic but goes to the future happiness and success of their children in the United States.

55. Finally, Factor (6) is neutral.

56. Inasmuch as 4 of the TRAC factors, including the most important one, tip sharply towards plaintiffs JIAN YI CHENG and EISA RIGI., while the remaining are neutral, therefore application of the TRAC factors here indicate that relief should be granted to these plaintiffs.

57. Further, inasmuch as 2 of the TRAC factors, including the most important one, tip sharply towards plaintiff , HOURASA SASEIRAFITEHRANIAN, while the

COMPLAINT - 12

remaining are neutral, therefore application of the TRAC factors here indicate that relief should be granted to this plaintiff as well.

58. This Court has jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361.

59. Further, this Court shall compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

## REQUEST FOR RELIEF

This Court should compel USCIS to reaffirm or reconsider the above-referenced petitions forthwith and, if they are not reconsidered, to return the petitions to the Department of State indicating that they have been reaffirmed.

## COUNT III

### TO HOLD UNLAWFUL AND  SET ASIDE 22 CFR 42.43(a) AS NOT IN ACCORDANCE WITH LAW

60. 8 U.S.C. § 1202(b) provides in relevant part that "All immigrant visa applications shall be reviewed and adjudicated by a consular officer."

61. On some unknown date, Secretary of State ANTONY BLINKEN'S predecessor as Secretary of State promulgated 20 C.F.R. § 42.43(a).

62. 20 C.F.R. § 42.43(a) provides that:

> The consular officer shall suspend action in a petition case and return the petition, with a report of the facts, for reconsideration by DHS if the petitioner requests suspension of action, or if the officer knows or has reason to believe that approval of the petition was obtained by fraud, misrepresentation, or other unlawful means, or that the beneficiary is not entitled, for some other reason, to the status approved.

63. Upon information and belief, LISA K. HELLER, ROBERT P. SANDERS and JAYNE HOWELL, and/or their predecessors in interest are relying upon 20 C.F.R. § 42.43(a) to evade their statutory duty to adjudicate each of the plaintiffs' visa applications.

64. Inasmuch as 20 C.F.R. § 42.43(a) purports to relieve consular officers from their statutory duty to adjudicate immigrant visa petitions, it is not in accordance with law.

65. 5 U.S.C. § 706(2) provides that a court may hold unlawful and set aside agency action in not in accordance with law.

## REQUEST FOR RELIEF

**WHEREFORE** this Court should

a. Hold 22 C.F.R. § 42.43(a) unlawful and set it aside

b. Direct LISA K. HELLER and ROBERT P. SANDERS to permit the plaintiffs who reside in their consular district to apply to them for immigrant visas and to adjudicate them forthwith

c. Direct JAYNE HOWELL to permit EISA RIGI to apply to her for an immigrant visa and to adjudicate it forthwith.

## COUNT IV

### TO COMPEL DEFENDANT CONSULAR OFFICER TO ACCEPT AND PROCESS PLAINTIFFS' APPLICATIONS FOR IMMIGRANT VISAS

66. All immigrant visa applications shall be reviewed and adjudicated by a consular officer. " 8 U.S.C. § 1202(b).

COMPLAINT - 14

67. A consular officer 'must . . . properly and promptly' process a visa application, 22 C.F.R. § 1.106, and either 'issue' or 'refuse a completed visa application. Id. § 41.121(a)." Vulupala v. Barr, 438 F. Supp. 3d 93, 100 (D.D.C. 2020).

68. Implied in these duties is the obligation of consular officers to provide residents of their consular districts with approved immigrant visa petitions an opportunity to apply to them for immigrant visas

69. Also implied in this duty is the obligation of consular officers to provide persons over whom they have accepted jurisdiction the opportunity to apply for to them for an immigrant visa.

70. LISA K. HELLER and ROBERT P. SANDERS have not provided the plaintiffs who reside in their consular district with any opportunity to apply to them for an immigrant visa.

71. Further, although upon information and belief, JAYNE HOWELL or her predecessor in interest accepted jurisdiction over EISA RIGI, she has not provided him with an opportunity to file an immigrant visa application with her.

**WHEREFORE** LISA K. HELLER and ROBERT P. SANDERS should be ordered to provide plaintiffs who reside in their consular district with an opportunity to apply to them for an immigrant visa, and JAYNE HOWELL should be ordered to provide EISA RIGI with an opportunity to apply to her for an immigrant visa.

## COUNT V

### TO COMPEL THE DEFENDANT CONSULAR OFFICERS  TO ADJUDICATE PLAINTIFFS' IMMIGRANT VISA APPLICATIONS

72. The plaintiffs have been unable to file their immigrant visa applications with the appropriate defendant consular officers for over 5 years.

73. As noted above, defendants have breached their duty to the plaintiffs to provide them with an opportunity to apply for immigrant visas.

74. For reasons stated above this Court should order the defendant consular officers to provide the plaintiffs with the opportunity to apply to them for immigrant visas.

75. With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.  5 U.S.C. § 555(b).

76. It is the sense of Congress that the processing of an immigration benefit application should be completed no later than 180 days after the initial filing of the application. 8 U.S.C. § 1571(b).

77. Even a non-binding deadline may still be an "indication of the speed with which" Congress 'expects the agency to proceed.' Hulli, 549 F. Supp. 3d at 101 (quoting In re United Mine Workers, 190 F.3d at 549)." Ramirez v. Blinken, 594 F. Supp. 3d 76, 94 (D.D.C. 2022)

78. The over five years of delay in the processing of plaintiffs' immigrant visa applications by failing to provide plaintiffs with an opportunity to file it with them  is unreasonable and well beyond the 180 days that it is the sense of Congress that such applications should be completed in.

COMPLAINT - 16

79. In determining that the delay caused by this failure has been sufficiently egregious to warrant the remedy of mandamus, courts in this circuit consider the six-factor standard—the so-called "TRAC factors"—established in Telecomms. Research and Action Ctr. (TRAC) v. FCC, 750 F.2d 70, 79-80, 242 U.S. App. D.C. 222 (D.C. Cir. 1984).  Those factors are as follows:

> (2)the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 79-80 (citations and internal quotation marks omitted)

80. The D.C. Circuit has explained that the first TRAC factor—the time agencies take to make decisions must be governed by a 'rule of reason'—is the 'most important,' although it is generally reviewed with the second TRAC factor as well." Memon v. Blinken, Civil Action No. 22-0754 (CKK), 2023 U.S. Dist. LEXIS 17016 at *4, 2023 WL 1438396  (D.D.C. Feb. 1, 2023), quoting In re Core Commc'ns, Inc., 531 F.3d 849, 855 (D.C. Cir. 2008). "In general, courts in this jurisdiction have regularly found that the Government applies a 'rule of reason' to the review of visa petitions by adjudicating applications in the order they

were filed. … Simply put, the inquiry begins and ends with Defendant's consistent application of the 'first-in, first-out' methodology." Memon, 2023 U.S. Dist. LEXIS 17016, at *4-5.

81. The consular defendants  have failed to consistently apply the first-in, first-out methodology to process the above referenced petitions      in that, upon information and belief, it has finally adjudicated  a large number of immigrant visa applications which were  filed after they should have provided plaintiffs with the opportunity to apply for immigrant visas.

82. Therefore the most important factor, the rule of reason, tips sharply in favor of each of the plaintiffs

83. The remaining factors either also tip sharply in favor of each of the plaintiffs or, at worst, are neutral.

84. Factor (2): Congress has provided an indication of the speed with which it expects the agency to proceed in the enabling statute, to wit, 8 U.S.C. § 1571(b), providing that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application.

85. A "reasonable time for agency action is typically counted in weeks or months, not years." In re Am. Rivers, 372 F.3d at 419 (internal quotation marks omitted); see also Midwest Gas Users Ass'n v. FERC, 833 F.2d 341, 359, 266 U.S. App. D.C. 91 (1987) ("[A] reasonable time for an agency decision could encompass months, occasionally a year or two, but not several years or a

decade." (internal quotation marks omitted)). In re Pub. Emples., 446 U.S. App. D.C. 375, 382, 957 F.3d 267, 274 (2020)

86. Inasmuch as over five years have passed since the plaintiffs should have been provided the opportunity of filing their immigrant visa applications with the defendant consular officers, factor (2) tips sharply each plaintiffs' favor.

87. Factor (3): Plaintiff JIAN YI CHENG's welfare is very much at stake here in that the delay in the consideration of her immigrant visa application is prejudicing her 9 year old U.S. citizen daughter, Victoria Zhixuan Cheng's, in that the delay is making it more difficult become assimilated to the culture, norms and language of her home country, in that she cannot live alone in the United States without her parents.

88. Factor (3): Plaintiff EISA RIGI's welfare is very much at stake here in that the delay in the consideration of his immigrant visa application is prejudicing his 14 and 10 year old children's to become assimilated in the future to the culture, norms and language of the United States.

89. Factor (4): there does not appear to be any agency activities of a higher or competing priority which adjudicating each plaintiffs' application would affect. Therefore, this factor is neutral.

90. Factor (5) tips sharply in favor of JIAN YI CHENG and EISA RIGI in that the interest which is prejudiced by delay is not merely economic but goes to the future happiness and success of their children

91. Finally, Factor (6) is neutral.

92. Inasmuch as 4 of the TRAC factors, including the most important one, tip sharply towards plaintiffs JIAN YI CHENG and EISA RIGI, while the remaining are neutral, therefore application of the TRAC factors here indicate that relief should be granted to these plaintiffs.

93. Further, inasmuch as 2 of the TRAC factors, including the most important one, tip sharply towards plaintiff , HOURASA SASEIRAFITEHRANIAN, while the remaining are neutral, therefore application of the TRAC factors here indicate that relief should be granted to this plaintiff as well.

94. This Court has jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361.

95. Further, this Court shall compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

## REQUEST FOR RELIEF

**WHEREFORE**, LISA K. HELLER and ROBERT P. SANDERS should be ordered to adjudicate the immigrant visa applications of the  plaintiffs who reside in their consular district forthwith and JAYNE HOWELL should likewise be ordered  to adjudicate the immigrant visa application of EISA RIGI forthwith.


Respectfully submitted

/s/ Michael E. Piston

Michael E. Piston (MI 002)

COMPLAINT - 20

Attorney for the Plaintiff
38-08 Union St., Suite 9A
Flushing, NY 11354
Phone: 646-876-3772
Fax: 206-770-6350
Email: michaelpiston4@gmail.com
Dated: September 7, 2023

COMPLAINT - 21